

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

July 12, 1989

Honorable Ernestine V. Glossbrenner
Chairman
Public Education Committee
Texas House of Representatives
P. O. Box 2910
Austin, Texas   78768-2910

Opinion No.   JM-1072

Re:   Whether certain subcommittees of the board of trustees of school districts are subject to the Texas Open Meetings Act, article 6252-17, V.T.C.S.   (RQ-1702)

Dear Representative Glossbrenner:

As chair of the House Public Education Committee, you inquire about the extent to which the Texas Open Meetings Act, article 6252-17, V.T.C.S., applies to committees of the board of trustees of a school district. In specific, you ask about a committee of members of the board of trustees that comprises less than a quorum of the board. You indicate that the committee at issue "performs functions regarding matters affecting the school district." We presume that your question is limited to those functions that such a committee may lawfully perform. See Webster v. Texas & Pac. Motor Transp. Co., 166 S.W.2d 75, 76 (Tex. 1942).

The Open Meetings Act requires that each "governmental body" in this state post notice for and deliberate at meetings that are open to the public unless a closed session is expressly permitted. V.T.C.S. art. 6252-17, § 2(a); see Cox Enterprises, Inc. v. Board of Trustees of Austin Indep. School Dist., 706 S.W.2d 956, 960 (Tex. 1986); see also Attorney General Opinion H-3 (1973) (act opens decision-making process); but see City of San Antonio v. Aguilar, 670 S.W.2d 681, 686 (Tex. App. - San Antonio 1984, writ ref'd n.r.e.) (attorney-client privilege may form separate basis for closed meeting). The act encompasses each "meeting," which is defined, in part, as "any deliberation between a quorum of members of a governmental body." V.T.C.S. art. 6252-17, § 1(a) (emphasis added). A "quorum" is a majority of the governing body. Id. § 1(d). Many governmental bodies believe that the act does not apply when a quorum is

not present. Whether such subcommittees are themselves subject to the act depends, in part, on the act's definition of "governmental body."

Section 1(c) of the Open Meetings Act provides:

> 'Governmental body' means any board, commission, department, committee, or agency within the executive or legislative department of the state, which is under the direction of one or more elected or appointed members; and every Commissioners Court and city council in the state, and every deliberative body having rule-making or quasi-judicial power and classified as a department, agency, or political subdivision of a county or city; and the board of trustees of every school district, and every county board of school trustees and county board of education; and the governing board of every special district heretofore or hereafter created by law.

V.T.C.S. art. 6252-17, § 1(c). For a local-level entity to constitute a "governmental body" under section 1(c), as a general rule, the entity must fall within one of the section's three specific descriptions. Attorney General Opinions JM-794 (1987); JM-340 (1985). Subcommittees of school districts are not listed expressly.

The first category includes "every deliberative body having rule-making or quasi-judicial power and classified as a department, agency, or political subdivision of a county or city." V.T.C.S. art. 6252-17, § 1(c). Subcommittees or agencies of a city or county therefore fall within the definition of "governmental body" when they have rule-making or quasi-judicial power. See, e.g., Attorney General Opinions JM-1007 (1989), H-1281 (1978) (salary grievance committees); MW-506 (1982) (board of trustees of firemen's retirement fund has quasi-judicial powers and is agency of city); MW-177 (1980) (higher education authority created by city or cities); H-554 (1975) (hospital authority that performs governmental function and that is created by city). The act does not cover a purely "advisory" agency of a county or city that is not composed of members of the governmental body. See Attorney General Opinion H-467 (1974) (city's library board).

The definition of "governmental body" also lists two other categories of local-level entities: school districts and special districts. The definition does not list

agencies or committees subordinate to school districts and special districts. Attorney General Opinion JM-340 (1985). This omission implies that subcommittees of school districts and other special districts are not covered by the act. This does not, however, prevent a subcommittee of a special district covered by the act from falling within the scope of the Open Meetings Act. This is true particularly in regard to subcommittees comprising members of the parent governmental body.

When a subcommittee includes members of a parent governmental body, the subcommittee itself may be covered by the Open Meetings Act. In 1973, the attorney general considered whether a state-level entity, the Texas Board of Mental Health and Mental Retardation, could institute a practice of dividing board members into several specialized committees. Attorney General Opinion H-3 (1973). The committees were to meet with the board's staff to study specific matters and recommend actions at open meetings of the whole board. Reasoning that the board might simply "rubber-stamp" the committees' recommendations and that this would deprive the public of access to the board's actual decision-making process, the attorney general concluded that committees composed of members of the board, even if less than a quorum, must comply with the Open Meetings Act. Id. at 10; see also Attorney General Opinion H-823 (1976). A similar approach applies to analysis of special districts' subcommittees. For example, standing committees of special districts that are composed of members of the governing board of the special districts must comply with the Open Meetings Act when the standing subcommittees discuss public business or policy. Attorney General Opinion H-238 (1974) (standing committee of board of managers of hospital district).

You indicate that the school district subcommittee at issue "performs functions regarding matters affecting the school district." If the committee at issue is composed of one or more members of the school board, the committee itself is subject to the Open Meetings Act.[1] Moreover, as

---

1. The criminal sanctions of the act may also be of concern when the members of an entity covered by the act divide into or participate in subcommittees. See, e.g., Attorney General Opinions MW-390 (1981); MW-28 (1979). Proving a criminal offense depends on proof of the requisite culpable state of mind. Violation of the criminal provi-
(Footnote Continued)

indicated, it is not clear that the board lawfully may delegate to a subcommittee the power to act on behalf of the board. See Webster v. Texas & Pac. Motor Transp. Co., supra.

### S U M M A R Y

If a committee comprising one or more members of the board of trustees of a school district meets to discuss public business or policy, the committee itself is subject to the Texas Open Meetings Act, article 6252-17, V.T.C.S.

Very truly yours,

JIM   MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

JENNIFER S. RIGGS
Chief, Open Government Section
of the Opinion Committee

Prepared by Jennifer S. Riggs
Assistant Attorney General

---

(Footnote Continued)
sions of the act depends on what constitutes "meeting in numbers less than a quorum for the purpose of secret deliberations" to "knowingly conspire to circumvent" the Open Meetings Act. V.T.C.S. art. 6252-17, § 4(b).